# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KRISTINE LORRAINE DOHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-0656-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Kristine Doherty seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq*. The administrative law judge ("ALJ") found that although Plaintiff suffered from several severe impairments, she retained the residual functional capacity ("RFC") to perform a limited range of sedentary work with non-exertional limitations. Relying on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could work as a receptionist and was not disabled.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her application for disability insurance benefits on June 4, 2010, alleging a disability onset date of May 3, 2010. The Commissioner denied Plaintiff's application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a video hearing at

which the Plaintiff testified, and on June 1, 2012, the ALJ issued his decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 21, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner

Plaintiff contends this case should be reversed or remanded because: (1) in weighing the medical evidence, the ALJ failed to give sufficient weight to her treating doctors' opinions; (2) the ALJ failed to provide a sufficient narrative link between his RFC determination and the evidence; and (3) the Commissioner erred in not remanding the case to the ALJ after the Plaintiff submitted new and material evidence to the Appeals Council. The Court finds no merit to these arguments.

**A.    The ALJ did not err in weighing the opinion of Plaintiff's treating physicians.**

First, Plaintiff contends the ALJ erred in determining her RFC by not giving more weight to the opinion of Dr. Steven Simon, M.D., her pain management doctor, and Dr. Coleman Wheeler, M.D., her treating psychiatrist. Plaintiff complains the ALJ's reasons for not giving their opinions greater weight are not supported by the record.

Where, as here, the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ must assign controlling weight to a treating physician's opinion if that opinion is well-supported and consistent with other evidence in the record. 20 C.F.R § 404.1527(c)(2). An ALJ cannot, however, give controlling weight to the doctor's opinion if it is not supported by medically acceptable laboratory and diagnostic techniques, or if the opinion is inconsistent with the other substantial evidence of record. *Id.*; *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir.

---

determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

2010). "[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011).

If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002). Once the ALJ has decided how much weight to give a medical opinion, the court's role is limited to reviewing whether substantial evidence supports this determination, not deciding whether the evidence supports the plaintiff's view of the evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).

Here, the ALJ discounted various Medical Source Statement-Physical ("MSSP") forms completed by Dr. Simon in 2011 and 2012 because the doctor's conclusion that Plaintiff could not perform sedentary work was not supported by the record. In discounting his opinion the ALJ noted Dr. Simon's assessments were brief and conclusory; the entries on his forms did not correlate with his objective findings or clinical observations; his opinions were not well-supported by medically acceptable clinical and laboratory diagnostic techniques; and his opinions were inconsistent with the other substantial evidence of record. R. at 23-24. These findings are supported by the record, R. at 529-30, 574-79, 595, 611, 740-41, 777-82, thus the ALJ did not err. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2009) (upholding ALJ's discounting a treating physician's opinion because it was conclusory, consisting of three checklist forms and providing little elaboration); *Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004) (permitting the ALJ to discount a physician's opinion that was "without explanation or support from clinical findings" and "not internally consistent with [the doctor's] own treatment notations."); *see also Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) ("For a treating physician's opinion to have controlling weight, it must be supported by medically

4

acceptable laboratory and diagnostic techniques and it must not be 'inconsistent with the other substantial evidence in [the] case record.'").

Additionally, the ALJ did not err in discounting Dr. Simon's opinion because it appeared to rely on, at least in part, on Plaintiff's self-reported symptoms, and the Plaintiff does not dispute the ALJ's finding that she was not credible. An ALJ may give less weight to a doctor's opinion that is based on a plaintiff's self-reported complaints, particularly when the plaintiff is not credible. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007).

Similarly, the ALJ did not err in discounting Dr. Wheeler's Medical Source Statement-Mental ("MSSM") forms indicating Plaintiff had moderate difficulty performing several work related mental functions because his forms were inconsistent with other record evidence. After hearing testimony from the independent medical expert, Dr. Craig Rath, Ph.D., and reviewing the entire medical record, the ALJ found that Dr. Rath's opinion was most consistent with Plaintiff's entire treatment record, which did not include any "significant mental health complaints or observations . . . demonstrating mental abnormalities." R. at 25. Because "an ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence," the ALJ did not err. *Brown*, 611 F.3d at 951. Dr. Wheeler's opinion also conflicted with the opinion of consulting physician Dr. Martin Isenberg, Ph.D., that Plaintiff was able to perform less mentally demanding work. R. at 548. Even considering the MSSM forms by themselves, apart from the rest of the evidence on the record, the forms can only be given limited weight because portions of them are internally inconsistent. For example, Dr. Wheeler indicated in February 2011 that Plaintiff was moderately limited in her ability to carry out simple instructions, R. at 582, but then eleven months later reported, without explanation, that her ability to carry out simple instructions was

5

not limited at all. R. at 744. Thus, the ALJ did not err in weighing the conflicting medical opinions.

Finally, the Court rejects Plaintiff's suggestion that because the ALJ discounted Dr. Simon and Dr. Wheeler's opinions, the regulations required him to recontact them for clarification. Plaintiff's argument appears to be based on an old regulation that was no longer in effect when the ALJ rendered his opinion on June 1, 2012. *Compare* 20 C.F.R. § 404.1512(e) (2011), *with* 20 C.F.R. § 404.1512(e) (effective March 26, 2012) (omitting language about recontacting physicians). Even under the old version, the regulations required the ALJ to recontact a physician only if a crucial issue was underdeveloped, not because the ALJ discounted the physician's opinion. *See, e.g., Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011).

**B.     The opinion provided a sufficient narrative link between the evidence and the RFC determination.**

There is also no merit to Plaintiff's suggestion that the ALJ's opinion did not include a sufficient narrative link between the RFC determination and the evidence. As a threshold matter, although the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific evidence, the ALJ need not follow each RFC limitation with a *list* of specific evidence on which the ALJ relied. SSR 96-8p. Indeed, such a requirement is inconsistent with the standard of review which mandates the court's decision be based on "all of the relevant evidence." *Cf. McKinney*, 228 F.3d at 863 (discussing the applicable standard of review). Imposing such a requirement would result in ALJs writing longer decisions containing duplicative discussions of the evidence, an exercise which would increase the amount of time it takes to write a decision without improving the quality of the decision. *Hilgart v. Colvin*, No. 6:12-03022-DGK, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013). The ALJ spent seven pages here explaining how he formulated Plaintiff's RFC, including

discussing and comparing of the medical opinions of Dr. Simon, Dr. Wheeler, Dr. Rath, and Dr. Isenberg, as well as Plaintiff's own reports of her symptoms. R. at 21-28. This narrative bridge to the RFC determination was more than adequate.

**C.     The Commissioner was not required to remand the case to the ALJ for consideration of "new and material" evidence.**

Finally, Plaintiff contends the Commissioner erred in not remanding the case to the ALJ because she allegedly submitted "new and material" evidence, ten exhibits, to the Appeals Council. The Court finds the Commissioner did not err because the evidence was neither new nor material.

Judicial review under 42 U.S.C. § 405(g) is confined to the evidence which was before the Commissioner at the time of his decision. 42 U.S.C. § 405(g). While additional evidence may form the basis for remand under sentence six of section 405(g), the plaintiff must show that the new evidence is material and that there was good cause for the failure to incorporate that evidence into the record before the Commissioner. *Mouser v. Astrue*, 545 F.3d 634, 636-37 (8th Cir. 2008) (quoting 42 U.S.C. § 405(g)). To be material, new evidence must be "non-cumulative, relevant, and probative of a claimant's condition during the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1025 (8th Cir. 2002) (internal alteration, quotation omitted) (emphasis added).

The additional evidence Plaintiff submitted to the Appeals Council in this case is neither "new" or "material." Evidence is not "new" simply because the claimant failed to timely submit it to the ALJ for consideration, and Plaintiff has not provided any explanation why she failed to submit it on time. *See* 20 C.F.R. § 404.1512 (stating the claimant bears the burden to provide medical evidence showing the nature and extent of her impairments). Plaintiff has also failed to

explain how the "new" evidence supports a different outcome. Many of the "new" records that pre-date the ALJ's decision are either cumulative, such as records from Truman Medical Center which further document the fever "spikes" that eventually led to the removal of Plaintiff's neurostimulator in February 2012, or describe complaints unrelated to Plaintiff's allegedly disabling impairments, such as the treatment she received in late 2011 and early 2012 for a left ankle sprain and pain. R. at 815-94. *See, e.g.*, *Perks v. Astrue*, 687 F.3d 1086 (8th Cir. 2012) (holding MRI was not new evidence because it was cumulative of other evidence in the record before the ALJ). Consequently, the Appeals Council properly concluded that the additional evidence Plaintiff submitted after the ALJ rendered his decision failed to provide a basis for changing the ALJ's decision.

## Conclusion

For the reasons discussed above, the Court finds the Commissioner's determination is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   July 16, 2014   　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE  
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT